1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  K.M, (a minor, by and through her parent and guardian ad litem, Brenda | )   Case No.: 1:15-cv-01835 LJO JLT |
| 12  Markham) | ) |
| | )   ORDER GRANTING THE MOTION TO APPOINT |
| Plaintiff, | )   BRENDA MARKHAM AS GUARDIAN AD |
| 13 | )   LITEM FOR K.M |
| v. | ) |
| 14 | )   (Doc. 1-2) |
| TEHACHAPI UNIFIED SCHOOL | ) |
| 15  DISTRICT, et al., | ) |
| | ) |
| 16  Defendants. | ) |
| | ) |
| 17 | ) |

18          On December 4, 2015, Brenda Markham initiated this action on behalf of minor Plaintiff K.M.

19  and requested the Court appoint her as the guardian ad litem for the child. (Doc. 1-2)  Because the

20  Court finds Ms. Markham to be an appropriate guardian ad litem, the petition is **GRANTED**.

21  **I.      Appointment of a Guardian Ad Litem**

22          Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly

23  appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).

24  In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a

25  minor or incompetent person who is unrepresented in an action." *Id*.  The capacity of an individual to

26  sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b).

27          Here, K.M. resides in California (Doc. 1 at 2) and the law of the state governs.  Under

28  California law, an individual under the age of eighteen is a minor, and a minor may bring suit only if

1

1    a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a

2    guardian ad litem to represent the child's interests.  Cal. Code Civ. P. § 372(a).

3    **II.      Discussion and Analysis**

4           Here, Plaintiff K.M. is an eight-year-old (Doc. 1-2 at 1) and, as a result, is a minor under

5    California law.  *See* Cal. Fam. Code § 6502.  As a child, her ability to bring pursue this action is

6    contingent upon the appointment of a guardian ad litem.  In determining whether to appoint a particular

7    guardian ad litem, the court must consider whether the child and the guardian have divergent interests.

8    Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental

9    responsibility and an obligation to assist the court in achieving a just and speedy determination of the

10   action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best

11   protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007)

12   (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of

13   interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

14          Upon review of the complaint, it does not appear there are adverse interests between the child

15   and her proposed guardian ad litem.  Indeed, this action brings challenges under the Individuals with

16   Disabilities Education Improvement Act, the Americans with Disabilities Act, the Rehabilitation Act

17   and under 42 U.S.C. § 1983 related to claims that the child is being denied full educational

18   opportunities.  Thus, the proposed guardian has no competing claims with the child and appointment of

19   Ms. Markham as the guardian ad litem for the child is appropriate. *See Burke v. Smith*, 252 F.3d 1260,

20   1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the

21   lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also*

22   *Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007)

23   (observing that "[a] parent is generally appointed guardian ad litem").

24   **III.     Conclusion and Order**

25          The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of

26   the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it

27   does not appear either proposed guardian has conflicting interests, and as such they may be appointed

28

1  to represent the interests of the children.  Therefore, the Court is acting within its discretion to grant

2  the application.

3       Based upon the foregoing, **IT IS HEREBY ORDERED**:

4       1.     The motion for appointment of Brenda Markham as guardian ad litem for K.M. (Doc.

5            1-2) is **GRANTED**;

6       2.     Brenda Markham is appointed to act as guardian ad litem for Plaintiff K.M., and is

7            authorized to prosecute this action on her behalf.

8

9  IT IS SO ORDERED.

10    Dated:   **December 9, 2015**          **/s/ Jennifer L. Thurston**

11                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28