UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M., | Case No.: 1:15-cv-01835 LJO JLT |
| Plaintiff, | ORDER DENYING/GRANTING MOTION TO AUGMENT THE RECORD |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, | (Doc. 30) |
| Defendant. | |

In this action, the child seeks review of an administrative decision unfavorable to his/her position related to his Individuals with Disabilities Education Act claims. The child asserts that certain records, not part of the administrative record, should be added to the administrative record to demonstrate the error of the administrative law judge's ruling.

**I.     The Court must consider appropriate and relevant "additional evidence"**

Under the Individuals with Disabilities Education Act, any aggrieved party after the due process hearing conducted by the state education agency, may challenge the decision in court. 20 U.S.C. § 1415(i)(2). In evaluating the administrative decision, the judge must consider the administrative record and "additional evidence at the request of a party," and then grant the relief it determines is appropriate. 20 U.S.C. § 1415(1)(2)(C).

In <u>Ojai Unified Sch. Dist. v. Jackson</u>, 4 F.3d 1467, 1471-1472 (9th Cir. 1993), the Court described the process as one that does not involve a highly deferential view and, instead, the trial court

merely must give "'due weight to judgments of education policy." Id.  Nevertheless, the trial court may not substitute its judgment for that of the school authorities. Id.  Rather, review involves an "unusual mixture of discretion and deference." Id.

The obligation to consider "additional evidence" does not include allowing witnesses to "repeat or embellish their prior administrative hearing testimony." Ojai, 4 F.3d at 1472.  Along these lines, generally, witnesses who testified at the administrative hearing may not offer additional evidence in the trial court. Id.  Though "additional evidence" is left to the discretion of the court (Id.), "evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court "shall" consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." In E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings, 652 F.3d 999, 1004-1005 (9th Cir. 2011).  In doing so, the court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Ojai, at 1472. The court should "weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Id, quoting Town of Burlington v. Department of Educ., 736 F.2d 773, 790-791 (1st Cir.1984).

On the other hand, "the district court has discretion to admit additional evidence "concerning relevant events occurring subsequent to the administrative hearing." For example, evidence related to education programs that may now be available for the child may be admitted depending upon the circumstances. Ojai, 4 F.3d at 1473.

**II.     The transcripts of the IEP meetings before the administrative decision**

The child seeks to augment the record to include transcripts from two IEP meetings that occurred before the administrative decision. (Doc. 30 at 3)  The child argues that these transcripts demonstrate "Plaintiff was not afforded consideration of supports and services so that she could be maintained in her home school district, and to keep her from being segregated in a Stockdale classroom over an hour from her home, in violation of the "least restrictive environment" mandate pursuant to state and federal law." Id.  The District argues that at the due process hearing, "there was extensive testimony from the participants of these meetings, including the parents." (Doc. 32 at 5)

1  Thus, the District concludes that the child wishes to use the transcripts to impeach the testimony given
2  at the trial.  Id.
3      The Court has reviewed the transcripts and it appears that there was significant dispute about
4  whether the child should be placed in a classroom in Bakersfield and away from her home school in
5  Tehachapi.  (Doc. 30-1 at 87-100)  Seemingly, the dispute centered on the time for transport and the
6  distance from home that this would place the child.  Id.
7      The transcripts of the meetings that occurred before the due process hearing, is not new
8  evidence.  Notably, the child's counsel had the recordings and partial transcripts of the recordings at
9  the time of the administrative hearing but chose not to use them.  (Doc. 32 at 5-6)  Apparently, counsel
10 listed the recordings and transcripts as proposed evidence in her pre-hearing conference statement but
11 removed these items from consideration at the hearing.  (Id. at 6.)
12     Notably, in the closing brief, the child argues about the evidence presented at the hearing and
13 notes that the testimony was unanimous that there was no discussion at the IEP meetings about how
14 the child "could be supported in her then-current TUSD classroom, no discussion about how to
15 support [the child] in general education settings (even though data and testimony showed her
16 behaviors were best in the general education setting [Citations], and no discussion about whether it
17 was appropriate *for* [the child] to bus her to Bakersfield, given that this would eliminate her home-
18 based ABA program. [Citations.]"  (Doc. 22 at 354-355)
19     At the hearing, the plaintiff's attorney admitted there was significant testimony about this topic
20 but the evidence was conflicting.  Alternatively, the plaintiff's attorney argued there was no evidence
21 to support the hearing officer's determination that the District *had* considered supportive services to
22 maintain the child at her home school.
23     Based upon the arguments advanced by the child in her closing brief to the hearing officer and
24 counsel's arguments at the hearing on this motion, it appears there was significant questioning of the
25 witnesses on this topic and significant evidence to support the argument the child made in her closing
26 brief.  Thus, it appears that the transcripts of the IEP meetings add nothing and are intended only to
27 impeach the hearing officer's determination and is cumulative of the evidence already in the record.
28 Thus, the motion is **DENIED** as to Exhibits A and B.

### III. The transcripts of the IEP meetings after the administrative decision

The child also seeks to augment the administrative record to add the transcripts from the IEP meetings that occurred after the hearing officer issued the findings. (Doc. 30 at 3-4) The child asserts,

> Excerpts from the transcripts in Exhibit's C, D, E, F & G, which Plaintiffs seek to refer to in their briefing of this matter, establish that the Plaintiff has not had behavioral problems while placed in the mild/moderate special day class at Tehachapi since the administrative decision was rendered, and while this matter has been pending. Plaintiff has not, yet, been moved to the Stockdale classroom pursuant to the administrative law judge's Order to do so, pursuant to the doctrine of "Stay Put," which allows a child to remain in their last agreed-upon placement until pending litigation is over.
> K.M.'s lack of behavior problems in her current placement undermines a finding essential to the ALJ's conclusion that placement of Student in the more restrictive class at Stockdale was "necessary" because the District could not provide the support to accommodate K.M.'s disruptive behavior. To the contrary, this evidence supports Student's contention, made at each IEP and in the due process hearing, that she belonged in a class with appropriate supports in her home school.

The child continues, "The proffered evidence – certified transcripts of the recordings of the first five of those IEP meetings – will prove that K.M.'s autistic related -behaviors have been deemed unproblematic by her teacher, and quite manageable, thus undermining, if not utterly eviscerating, the ALJ's conclusion that the Stockdale placement was required." Id. at 6.

The District argues that this evidence is not relevant to any issue on appeal (Doc. 32 at 6), though why it thinks this is not fully explained. The District relies upon G.D. ex rel Dien Do v. Torrance Unified Sch. Dist., 857 F.Supp.2d 953, 965 (CD Cal. 2012). In G.D., the Court considered whether e-mails exchanged demonstrated the child needed classroom aide support. Id. Notably, the Court held, "Evidence from events subsequent to the administrative hearing bearing on the child's condition may help determine the reasonableness of a school's action at the earlier date." Id. at 965. However, the Court rejected the proffered new evidence because the e-mails demonstrated the child needed the classroom aide support at the time the e-mails were exchanged but it shed no light on the child's needs for the time period under review at the administrative hearing. Id. In doing so, the Court observed, "Although not relevant, the District's recommendation demonstrates that the District appropriately responded to a change of circumstances and recognized G.D.'s need for a paraeducator or aide and promptly recommended that such support be made available to G.D." Id.

Alternatively, the District argues that Exhibits C-G show that the programs offered by the

District have changed. Id.  In this vein, the District argues that if this evidence is allowed, it would discourage the District from developing new programs because it would then have to defend decisions made earlier, when the program did not exist.  Id.  The District relies upon Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009) in which the court held,

> It is inevitable that additional information will become available after an administrative hearing—be it changes in the child's academic performance, improvements in diagnostic techniques, newly available education programs, and so on. Indeed, the IDEA requires school districts to reevaluate children's disabilities periodically, 20 U.S.C. § 1414(a)(2), and to review and revise IEPs on an annual basis, id. § 1414(d)(4)(A). Thus, not only does the IDEA recognize that children change over time, CM v. Bd. of Educ., 241 F.3d 374, 380 (4th Cir.2001), but the statute affirmatively requires school districts to create and analyze new information—which would become fodder for endless litigation if district courts were compelled to give significant weight to new evidence whenever it arose. See, e.g., West Platte R–II Sch. Dist. v. Wilson, 439 F.3d 782, 785 (8th Cir.2006) (holding that there was no "solid justification" for introducing evidence that arose after the administrative hearing because a "vast and detailed administrative record" already existed and because courts in IDEA cases "normally determine these issues based solely on the administrative record").

However, unlike in G.D. and Schaffer, here, the after-acquired information addresses the very issue the Court is required to determine: whether the IEP properly considered whether, with appropriate services provided, the child could remain at her home school and, hence, whether it provided a free appropriate education.  Also, though the information, by necessity, shows the child's progress over time, it does not appear that the progress is related to behavioral changes in the child but, instead, due to changes in the services provided her.  Indeed, this is the very position taken by the child below; that if additional services were considered and provided she would be able to remain in her home school.

In any event, Schaffer does not suggest that after-acquired evidence should not be added to the record.  Rather, it suggests that the reviewing court carefully evaluate the weight to give the new evidence.  Schaffer, 554 F.3d at 476.  The weight that will be given to this evidence will be decided by the District Judge; it is not decided at this time.  Moreover, in Ojai, the Ninth Circuit instructs that new evidence may be admitted where there has been a substantial amount of time since the IEP.  Ojai, 4 F.3d at 1473.  The court held,

> To support their motion for summary judgment, the School District and the Superintendent submitted affidavits from Marty Babayco and Diana Novak regarding the educational programs available at the DeAnza Middle School, a public school

5

located in Ventura County.8 This evidence was presented because nearly a year had passed since the hearing officer had rendered his initial decision, and Bion was by then older than the other students at the Penfield School. Accordingly, Babayco and Novak stated that DeAnza, which serves older students, would be an appropriate placement for Bion. Under the standard that we have now adopted, the district court has discretion to admit additional evidence "concerning relevant events occurring subsequent to the administrative hearing." Id. at 790. Because the evidence at issue here fits within this category, we find no error in the district court's decision to admit it.

Id. Thus, the Court **GRANTS** the request as to the **<u>recordings</u>** of Exhibits C, D, E, F and G. The transcripts will provide guidance to the Court as to what was said at the meetings but the recordings themselves will be the actual evidence. Thus, no later than **August 19, 2016**, counsel for the plaintiff **SHALL** lodge true, electronic copies of the recordings which underlie Exhibits C through G. The plaintiff **SHALL** lodge the recordings with the Clerk of the Court at the Robert E. Coyle Federal Courthouse in Fresno, California.

### III.     The objections to the admissibility of Exhibits C through G

The defendant argues that the Exhibits should not be added to the record because they lack authentication and are not self-authenticating under Fed. R. Evid. 902.

However, attached to each transcript is a "Certification" signed by Karen E. Lawliss that reads,

> I, Karen E. Lawliss, a Notary Public and as a transcription service provider for the Unified Court System for the State of New York, certify that the foregoing transcript of proceedings on behalf of [Redaction] [Redaction] was prepared using electronic transcription equipment and is a true and accurate record of the proceedings to the best of my ability and belief.

(Doc. 30-3 at 86; Doc. 30-4 at 62; Doc. 30-5 at 108; Doc. 30-6 at 77; Doc. 30-7 at 138) Likewise, counsel for the plaintiffs attested, "True and accurate copies of the Transcripts (redacted are the first and last name of K.M.) are attached to this Motion as proffered Exhibits A-G, exactly as I received them. I have not changed or altered them, nor has anyone from my office done so, with the exception of the name redactions. I believe that they were prepared by Karen E. Lawliss." (Doc. 30 at 8) This is sufficient under Fed. R. Evid. 901. Therefore, the objections are **OVERRULED**.

### ORDER

For the reasons set forth above, the Court **ORDERS**:

1.     The motion to augment the record (Doc. 30) is **DENIED** as to Exhibits A and B and **GRANTED** as to Exhibits C through G;

2. No later than 8 a.m. on **August 8, 2016**, the plaintiff's attorney **SHALL** notify counsel for the defendants, via telephone, fax or e-mail, of the excerpts of Exhibits C through G upon which she intends to rely in her opening brief;

3. No later than 8 a.m. on **August 9, 2016**, counsel for the defendants **SHALL** notify counsel for the plaintiff whether they have any disputes as to the accuracy of the excerpts that the plaintiff will cite. If there are disputes, counsel **SHALL** set forth the nature of the disputes and the proposed corrections. If the plaintiff's counsel agrees to the corrections proposed by the defendants, counsel **SHALL** file a stipulation no later than **August 10, 2016**, setting forth the corrections.

IT IS SO ORDERED.

Dated:   **August 5, 2016**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE