# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M.,<br><br>  Plaintiff,<br><br>  v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-01431 LJO JLT<br><br>ORDER TO THE DEFENDANTS TO PERSONALLY APPEAR AND SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER TO DEFENDANTS' COUNSEL TO FILE A STATUS REPORT WITHIN 10 DAYS |
| BRENDA MARKHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-01835 LJO JLT |
| BRENDA MARKHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No.: 1:18-cv-00303 LJO JLT |

The Court adopted the findings and recommendation to grant the petition for the minor's compromise. (Doc. 48[1]) In doing so, the Court ordered the parties to "file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, pursuant to the schedule set forth in the F&Rs." Id. at 3. The findings and recommendation required this to occur within 45 days after the Court adopted them. (Doc. 47 at 9)

When they failed to file the dismissal document, the Court ordered the parties to show cause why sanctions should not be imposed for their failure to comply with the Court's orders (Doc. 49[2]). The plaintiffs have responded (Doc. 50[3]), but the defendants have not. The plaintiffs assert there has been, at least in their view, significant refusal by the defendants to comply with the settlement agreement. Id. They seek an order requiring the defendants to engage in mediation to resolve the matter (as the parties agreed in the settlement documents) before the Court closes the case. Id.

## II. Civil Contempt

"Civil contempt … consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014). When there has been contempt, a court can levy contempt sanctions pursuant to its inherent powers. *Cooke v. United States*, 267 U.S. 517, 539 (1925). The inherent powers of federal courts are those that "are necessary to the exercise of all others." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "The district court has wide latitude in determining whether there has been contemptuous defiance of its order." *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997).

Twice the Court has ordered the defendants to take specific action (Docs. 47, 48, 49[4]) and twice the defendants have ignored the Court's orders and failed to take any reasonable efforts to comply. It appears they are in contempt of the Court's orders.

///

---

[1] In case number 1:15-cv-01835 LJO JLT, the docket number is 71. In case number 1:18-cv-00303 LJO JLT, it is Doc. 24.
[2] In case number 1:15-cv-01835 LJO JLT, the docket number is 72. In case number 1:18-cv-00303 LJO JLT, it is Doc. 25.
[3] In case number 1:15-cv-01835 LJO JLT, the docket number is 73. In case number 1:18-cv-00303 LJO JLT, it is Doc. 26.
[4] In case number 1:15-cv-01835 LJO JLT, the docket numbers are 69, 71, 72. In case number 1:18-cv-00303 LJO JLT, the docket numbers are 22, 24, 25.

## III. Sanctions

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 648 ("The most common utilization of inherent powers is a contempt sanction levied to 'protect the due and orderly administration of justice' and 'maintain' the authority and dignity of the court.")

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties who fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court has authority to order coercive fines and remedial sanctions for civil contempt. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016). In particular, "[a] court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the [party] into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'" *Id.*, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947)); *Ahearn v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1130 (9th Cir. 2013). "Because civil compensatory sanctions are remedial, they typically take the form of unconditional monetary sanctions; whereas coercive civil sanctions, intended to deter, generally take the form of conditional fines." *Shell Offshore Inc.*, 815 F.3d at 628-30.

The Ninth Circuit explained, a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *United States v. Alfredofllores*, 628 F.2d 521, 527 (9th Cir.1980) (internal quotation marks omitted). "[I]n determining how large a coercive sanction should be[,] the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction."

*Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citations omitted). "If the fine, or any portion of the fine, is coercive, it should be payable to the court, not [the complainant]." *Id.*

The defendants have demonstrated a willingness to defy the Court's orders. Consequently, the action is not prepared to be dismissed, despite the apparent agreement to settle the case. Also, it appears that due to the defendants' failure to comply with the settlement terms the parties selected, the Court must expend its limited judicial resources to continue to address the issues in this case. Thus, it appears sanctions are warranted "to coerce the [it] into compliance with the court's order." *See Shell Offshore,* 815 F.3d at 628-30. Before the Court does so, it will require the personal appearance of the defendants to explain why sanctions should not be imposed. This is required because the defendants have chosen not to show cause in writing. Thus, the Court **ORDERS**:

1. The defendants **SHALL** appear personally—not merely through counsel—**on July 8, 2019 at 9:00 a.m.**, to show cause why sanctions should not be imposed for their recalcitrant conduct and their failure to comply with the Court's orders;

**The defendants are advised that their failure to appear in court as ordered will result in the immediate imposition of sanctions.**

2. **Within ten days**, defendants' counsel **SHALL** file a report detailing the efforts of the defendants to comply with the settlement agreement

IT IS SO ORDERED.

Dated: **June 28, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE